IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Tammy Hutchins,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Michael J. Astrue,<br>Commissioner of Social Security,<br><br>　　　　　　　　Defendant.<br>_____ | Civil Action No. 8:10-142-JFA-BHH<br><br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

This case is before the Court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

The plaintiff, Tammy Hutchins, brought this action pursuant to Section 205(g) of the Social Security Act, as amended, (42 U.S.C. Section 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security Administration regarding her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.

**RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS**

The plaintiff was 37 years old on her alleged onset date. (R. at 112.) She alleges she became disabled on July 21, 2004,[2] due to problems with her arm joints, depression and low back pain. (R. at 112-118.) She has a eighth grade education and has past relevant work as a cashier, home health aid and waitress. (R. at 130, 134.)

The plaintiff filed applications for DIB and SSI on April 12, 2005. (R. at 112-18). Her applications were denied in initial and reconsidered determinations. (R. at 545-550.) After a hearing (R. at 558-622), an Administrative Law Judge (ALJ) denied plaintiff's claim on

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

[2] This date was amended at the hearing. (R. at 561.) The plaintiff initially alleged a disability onset date of January 15, 2003. (R. at 112.)

February 2, 2008. (R. at 13-28). As the Appeals Council denied the plaintiff's request for review (R. at 7-11), the ALJ's decision became the Commissioner's final decision for purposes of judicial review.

In making his determination that the plaintiff is not entitled to benefits, the Commissioner has adopted the following findings of the administrative law judge:

> (1)  The claimant met the insured status requirements of the Social Security Act through June 30, 2006.
>
> (2)  The claimant has not engaged in substantial gainful activity since January 15, 2003 [amended date of July 21, 2004], the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).
>
> (3)  The claimant has the following severe impairments: personality disorder, reading disorder, and borderline intellectual functioning. She has some orthopedic problems as well (20 CFR 404.1520(c) and 416.920(c)).
>
> (4)  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> (5)  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to stand and walk a maximum of six hours in a workday, to sit a maximum total of six hours in a workday, and to lift and carry a maximum of ten pounds frequently and a maximum of 20 pounds occasionally .
>
> (6)  The claimant is capable of performing past relevant work as a home health aide. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> (7)  The claimant has not been under a disability, as defined in the Social Security Act, from January 15, 2003 [amended date of July 21, 2004], through the date of this decision (20 CFR. 404.1520(f) and 416.920(f)).

## APPLICABLE LAW

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. §423(a). "Disability" is defined in 42 U.S.C. §423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

42 U.S.C. §423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. *See* 20 C.F.R. §404.1520. If an individual is found not disabled at any step, further inquiry is unnecessary. *See Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. Social Security Ruling ("SSR") 82–62. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. §423(d)(5). He must make a prima facie showing of disability by showing he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform

3

alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. *Id.*

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966). Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

**DISCUSSION**

The plaintiff contends that the ALJ erred in failing to find her disabled. Specifically, the plaintiff alleges that the ALJ erred in (1) failing to find certain of her impairments severe; (2) failing to perform a proper Listing analysis; and (3) failing to properly consider her residual functional capacity (RFC). The Court will consider each alleged error in turn.

**I. Severe Impairments**

The plaintiff first contends that the ALJ failed to consider his orthopedic impairments, including back, ankle, and foot problems, and to ultimately conclude that they were severe. To establish a severe impairment, a claimant must provide medical evidence that her impairments significantly limit her ability to perform "basic work activities." *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 146 n.5 (1987) ("An impairment is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities"; it is Plaintiff's burden to show she has a severe impairment); 20 C.F.R § 404.1520(c). Social Security Ruling 96-3p states that the Commissioner will consider a claimant's impairment "severe" if it significantly limits his physical or mental abilities to perform basic work activities. SSR 96-3p.

The plaintiff's burden to show a severe impairment is not an exacting one, however. Although the regulatory language speaks in terms of "severity," the plaintiff need only demonstrate something beyond "a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." SSR 85-28; *see also Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir.1984) ("[A]n impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."); *Albright v. Commissioner of Social Sec. Admin.*, 174 F.3d 473, 474 n.1 (4th Cir. 1999). In short, the "inquiry is a *de minimis* screening device to dispose of groundless claims." *McCrea v. Commissioner of Social Sec.*, 370 F.3d 357, 360 (3rd Cir. 2004).

5

As stated, the plaintiff contends that the ALJ failed to consider his orthopedic impairments were severe. Further, the plaintiff has exhaustively listed objective evidence of record in support of the severity of such impairments, which he contends was inadequately treated. (Pl. Brief at 27-29; see, e.g., R. at 244, 250, 273, 294, 300, 323, 327, 415, 505.) Respectfully, the Court would suggest that this is an astounding mischaracterization of the decision. For starters, the ALJ plainly identified the orthopedic impairments as severe: "She has some orthopedic problems as well." (R. at 19.) But, more importantly, the ALJ extensively discussed related evidence. In fact, the Court is not sure that it has observed a more thorough severity discussion. The following is just a survey of the ALJ's discussion:

- claimant complained in April 2000 of a history of . . . back pain (R. at 19);
- claimant . . . complaining of left foot pain with fascitis, *id*.;
- lumbar flexion due to pain and bilateral lumbar lateral flexion as well as extension due to pain (R. at 20);
- the cervcical spine had restricted left rotation and lateral flexion due to pain and it was concluded that the claimant had segmental dysfunction thoracic region, thoracic spine pain, *id*.;
- continuing problems related to pains in her arms, lower back, and feet (R. at 21);
- [p]ain in upper extremeties, back, and feet was described as severe, *id*.

In executing his Step 2 obligations, it just cannot be said that the ALJ failed to find the orthopedic conditions severe or that he failed to trace the evidence concerning them. As to both, he did. Simply because the plaintiff has emphasized more or even different evidence is not material. An ALJ is not required to provide a written evaluation of every piece of evidence, but need only "minimally articulate" his reasoning so as to "make a bridge" between the evidence and his conclusions. *Fischer v. Barnhart*, 129 Fed. Appx. 297, 303 (7th Cir. 2005) (citing *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir.2004)); *see also Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) ("ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it

was not considered") (citations omitted). The ALJ more than satisfied this requirement. Whether or not the ALJ weighted the evidence correctly is beyond the issue before the Court. The plaintiff has not contested the assessment of the evidence but claims that it simply was not assessed at all. This is not a sustainable objection.

## II.     Listing Analysis

The plaintiff next contends that the ALJ failed to consider the combined effects of her impairments in performing the Listing analysis at Step 3. As mentioned, if an ALJ determines that the plaintiff has an impairment which equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4), then further inquiry is unnecessary and disability is established. *See Hall*, 658 F.2d at 264. The ALJ expressly considered whether the plaintiff's impairments satisfied the criteria of Listings 12.04, 12.06, 12.07, 12.08, 20 C.F.R. pt. 404, Subpart P, App. 1. (R. at 25.) The plaintiff has not challenged any specific portion of those findings.

It is certainly true that, in making a disability determination, the ALJ must consider plaintiff's impairments in combination and not fragmentize the evaluation of their effects. *See Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989); 20 C.F.R. § 404.1523. Congress has explicitly required that "the combined effect of all the individual's impairments" be considered, "without regard to whether any such impairment if considered separately" would be sufficiently severe. 42 U.S.C. § 423(d)(2)(c); *see also Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir.1989). As an important "corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." *Walker*, 889 F.2d at 50.

The plaintiff's objection, however, is really sort of a mixed bag. It raises both the issue of whether physical impairments should have been considered in analyzing the criteria of Listings 12.04 - 12.08, at Step 3, but also whether such impairments implicated other Listings not considered. The plaintiff does not clarify his intent other than to say physical impairments were not considered at this stage.

7

As to the first issue, even the defendant concedes that the plaintiff's physical impairments were not considered in regards to the 12.00 Listings. But, the Court does not see how the consideration of the combination of the plaintiff's impairments was either proper or could have changed the analysis of the cited Listings. Specifically, those Listings ask whether or not the "mental impairment" has "result[ed] in" (12.04, 12.06, 12.08) or "impos[es]" (12.05) various degrees of functional limitation or other symptomology.[3] *See* 20 C.F.R. pt. 404, Subpart P, App. 1. The ALJ concluded that the plaintiff's *mental* impairments did not. (R. at 25.) So, even if the plaintiff's physical impairments produced restriction of activities of daily living, for instance, without proof that the mental impairment also did so, the plaintiff could not meet the Listings' demands. As stated, the plaintiff has not contested the determinations related to the assessment of the plaintiff's *mental* impairments nor has she explained how a consideration of her physical impairments could have possibly altered the outcome of any Listing 12.00 analysis, when those Listings do not contemplate physical impairments.

As to the second issue, the Court finds that the ALJ should have considered Listings under Section 1.00, 20 C.F.R. pt. 404, Subpart P, App. 1, regarding impairments of the musculoskeletal system. In *Cook v. Heckler*, 783 F.2d 1168 (4th Cir.1986), the Fourth Circuit Court of Appeals held that when there is "ample evidence in the record to support a determination" that the claimant's impairment meets or equals one of the listed impairments, the ALJ must identify "the relevant listed impairments" and compare "each of the listed criteria to the evidence of [the claimant's] symptoms." *Id*. at 1172, 1173.

The defendant has done an exhaustive post-hoc analysis of why there is insufficient evidence in the record to support a determination that the plaintiff's impairments meet any of the Section 1.00 Listings. The Court would easily conclude that the significant corpus

---

[3] The only exception is Listing 12.07 Somatoform Disorders. But, that Listing, while considering physical symptomology, is designed to determine if the plaintiff suffers somatization or the perception of psychological impairments as physical ones.

8

of evidence recited by the plaintiff raises serious questions about the ALJ's decision to not expressly consider other possible Listings, such as 1.02 and 1.04. (See Pl. Brief at 27-29; see, e.g., R. at 244, 250, 273, 294, 300, 323, 327, 415, 505.) This evidence implicates various criteria of Listings 1.02 and 1.04. *Cf.* 20 C.F.R. pt. 404, Subpart P, App. 1. The defendant has obviously emphasized evidence to the contrary. (See Def. Brief at 17-18; R. at 240-41, 385, 388, 391, 399, 415.) The Court need not decide it. It is enough that there is ample conflicting evidence, which did not lead to a consideration by the ALJ of 1.00 Listings at all. Because no explanation for her decision not to consider these Listings is included, the Court cannot measure whether that decision was based on substantial evidence.

A remand is necessary to consider whether the plaintiff satisfies the criteria of Section 1.00 Listings, or any other Listings, which the evidence might reasonably implicate in the ALJ's determination.

### III. Residual Functional Capacity

Lastly, the plaintiff argues that the ALJ erred in assessing her residual functional capacity because it is different from the hypothetical question presented to the vocational expert at the hearing. The Court, however, agrees with the defendant that because this case was decided at step four of the sequential evaluation process, vocational expert testimony was not required to establish that the plaintiff was not disabled. *See, e.g., Lucas v. Sullivan*, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990) (testimony of a vocational expert is not necessary where the claimant can return to past relevant work). The ALJ reasonably found, based on all the evidence, that the plaintiff was limited to performing a limited range of light work without close supervision, fast-paced walking, production pace demands, more than superficial public contact, or requiring more than a third grade reading capability such that she could perform her past relevant work as a home health aide. (R. at 26-28.)

The plaintiff argues that the defendant is somehow arguing alternatively that evidence of physical impairments does and does not matter. The Court does not view the

defendant's position in that way. The defendant has been consistent that the ALJ considered and credited evidence of physical impairments just not to the extent the plaintiff would prefer. The Court is in full agreement. While not to a degree of plaintiff's liking, the RFC plainly accomdates a certain extent of orthopedic impairment as well as low intellectual functioning. (See R. at 26.) The fact that the plaintiff believes that the impairments should have been viewed as producing greater limitations is of no moment. The ALJ considered the evidence, as discussed, and that consideration is based on substantial evidence, whether or not the plaintiff has produced evidence, which might lead another arbiter to a different result. *See Blalock*, 483 F.2d at 775.

Even still, a remand is in order to reconsider the ALJ's Listing analysis.

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, the Court cannot conclude that the ALJ' s decision to deny benefits was supported by substantial evidence. It is, therefore, recommended, for the foregoing reasons, that the Commissioner's decision be reversed and remanded under sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings as set forth above. *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO RECOMMENDED.

S/Bruce H. Hendricks
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

December 21, 2010
Greenville, South Carolina