IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tammy Hutchins, | ) | C/A No. 8:10-142-JFA-BHH |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Tammy Hutchins, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for supplemental security income (SSI) and disability insurance benefits (DIB) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–433, 1381–1383c.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that the Commissioner's decision should be reversed and remanded for further administrative action. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

Recommendation which was filed on December 21, 2010. The Commissioner has filed timely objections to the Report and the plaintiff has filed a response in support of the Report. It thus appears this matter is ripe for review.

## PROCEDURAL HISTORY

The plaintiff previously filed an application for DIB and SSI on August 27, 2001. The State Agency denied the claims initially on November 6, 2001 and on reconsideration on July 16, 2002. An ALJ held a hearing on march 16, 2004, and an unfavorable decision was issued on July 20, 2004.

The plaintiff protectively filed another application for DIB and SSI on April 12, 2005 alleging disability as of July 21, 2004, due to problems with her arm joints, depression and lower back pain. The plaintiff was 37 years old at the time of her alleged onset date. She has an eighth grade education and past relevant work experience as a cashier, home health aid, and waitress.

The plaintiff's April 12, 2005 application was denied initially and on reconsideration. The Administrative Law Judge's decision of February 2, 2008 (finding no disability) became final when the Appeals Council denied plaintiff's request for review. The plaintiff sought judicial review of that decision in this court on January 20, 2010.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored "to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d

287, 290 (4th Cir. 2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive. . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966)). In assessing whether there is substantial evidence, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2004). This determination of a claimant's disability status involves the following five-step inquiry:  whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform [his or]

her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520(a)(4)(i)–(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. *See Walls*, 296 F.3d at 290. This determination requires a consideration of "whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

## DISCUSSION

### *The ALJ's Findings*

In his decision of February 2, 2008, the ALJ found, at Step 1 of the sequential evaluation, that the plaintiff had not performed substantial gainful activity since her alleged date of onset of disability. At Step 2, the ALJ found that plaintiff's personality disorder, reading disorder, borderline intellectual functioning were severe and that she had some orthopedic problems. At Step 3, the ALJ found that plaintiff did not have an impairment or

combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ then found that the plaintiff had the residual functional capacity (RFC) to stand and walk a maximum of six hours in a workday, to sit a maximum total of six hours in a workday, and to lift and carry a maximum of ten pounds frequently and a maximum of twenty pounds occasionally. At Step 4, the ALJ found that the plaintiff could perform her past relevant work (PRW) as a health aid and fast food cashier. The ALJ also made the alternative finding that plaintiff could return to other past relevant work existing in significant numbers in the national economy, thus determining that the plaintiff was not disabled.

*The Plaintiff's Argument*

The plaintiff contends that the ALJ erred by (1) failing to correctly analyze all of the plaintiff's severe impairments; (2) failing to conduct a proper listing analysis which included all of the plaintiff's impairments and symptoms; and (3) failing to include all of the plaintiff's verified impairments in the RFC assessment.

The Commissioner argues that the ALJ's decision is supported by substantial evidence and is free of reversible error.

The Magistrate Judge recommends that the Commissioner's decision be reversed and remanded for further administrative action only as to the ALJ's listing analysis, as discussed below. The court agrees with the Magistrate's recommendation as to the listing analysis, but includes additional reasons for remand as discussed below.

DISCUSSION

*Severe Impairments*

The ALJ found that the plaintiff has the severe impairments of personality disorder, reading disorder, and borderline intellectual functioning, and that the plaintiff has "some orthopedic problems as well." The plaintiff first contends that the ALJ's finding that she had "some orthopedic problems" was insufficient and that the ALJ should have made specific findings about whether these problems are severe, or whether they meet a listing or impose any work-related limitation or not. Plaintiff argues that the failure to make specific findings about the severity or non-severity of these impairments was legal error.

The Magistrate Judge suggests that the ALJ extensively and thoroughly discussed the evidence and the severity of plaintiff's impairments; the ALJ did not find any non-severe impairment and thus accepted that all of plaintiff's impairments were severe; and the ALJ also discussed the combination of plaintiff's mental and physical limitations and included all of the limitations in the RFC.

However, in reviewing the record, the undersigned cannot determine if the ALJ analyzed all of the relevant evidence relating to the plaintiff's physical and/or orthopedic problems. The ALJ certainly provides a clear finding on the plaintiff's mental impairments and her conclusion that the plaintiff had the severe impairments of personality disorder, reading disorder, and borderline intellectual functioning. The statement that the plaintiff has "some orthopedic problems as well" does not provide the court with a definitive conclusion of the ALJ's determination as the severity or non-severity of the plaintiff's orthopedic

impairments. Therefore, this court cannot evaluate whether the ALJ's decision was based on substantial evidence. A remand is necessary for the ALJ to articulate whether the physical impairments were severe or not and her reasoning for such a decision.

*Listing Analysis*

At Step 3, the ALJ noted that the claimant's *mental* impairments, considered singly and in combination, do not meet or medically equal the criteria of any Listing. There is no mention in the ALJ's decision of any physical impairment (or orthopedic problems) at Step 3. Indeed, the Commissioner concedes that the plaintiff's physical impairments were not considered in regards to certain Listings. While the Commissioner contends in his Brief that the ALJ considered the orthopedic problems severe, this court cannot discern so as discussed above. The ALJ's failure to include them in the listing analysis further clouds this court's ability to undertake a meaningful review of the ALJ's decision and if it was based on substantial evidence.

Therefore, a remand is necessary for the ALJ to consider whether the plaintiff satisfies the criteria of Section 1.00 listings and explain her reasons for concluding that the plaintiff's physical impairments did not meet or equal these listings.

*RFC Assessment*

For the reasons stated above, the court cannot determine if the ALJ's RFC assessment was based on substantial evidence.

CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the parties' responses thereto, this court cannot determine, without further administrative , that the ALJ's decision was supported by substantial evidence and that the ALJ did not incorrectly apply the law in his decision.

Accordingly, the Commissioner's decision is remanded to the Commissioner for further proceedings consistent with this order.

IT IS SO ORDERED.

February 1, 2011                                      Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge

8